UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TYRONNE BARRY TENNANT,

        Defendant.
_____/

Case No. 14-cr-20828

HONORABLE VICTORIA A. ROBERTS

### ORDER DENYING MOTION FOR PRETRIAL DETERMINATION (ECF No. 34)

Defendant, Tyronne Tennant, requests a pretrial determination of a sentencing issue that will be moot by the time sentence is imposed, because of a guideline amendment that will go into effect on August 1, 2016. Nonetheless, the Court addresses the Motion to resolve an uncertainty on the part of Mr. Tennant and that could tangibly impact how the parties choose to proceed with the case.

Specifically, Tennant seeks pretrial determination of the applicability of U.S.S.G. § 2K2.1 and § 4B1.2. The Motion has been briefed by both Tennant and the Government. On April 20, 2016, the Court held a competency hearing at which this Motion was discussed. For the reasons set forth below, Tennant's Motion is **DENIED**.

**I.  BACKGROUND**

Tennant is charged with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). He was previously convicted of (1) home invasion, second degree in 2009; (2) attempted home invasion, second degree in 2006; (3) fleeing and eluding a police officer, third degree in 2006; and (4) home invasion, second degree in 2009.

1

U.S.S.G. § 2K2.1(a)(2) provides for an enhancement to a defendant's base offense level "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." The term "crime of violence" may be established in one of two ways under U.S.S.G. § 4B1.2 if the offense is punishable by imprisonment for a term exceeding one year: first, the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another;" or second, the offense "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(1),(2).

    Neither side suggests that a convictions for fleeing and eluding a police officer is properly considered a "crime of violence" under U.S.S.G. § 4B1.2, but the parties disagree about whether offenses for home invasion and the attempt are properly considered "crimes of violence." The focal point of their disagreement concerns the second prong and the term "burglary of a dwelling."

    This motion implicates several unusual issues pertaining to the case time line. First, the motion seeks a pretrial determination of a sentencing issue, which, under the normal course of events, would not be resolved until after a plea had been entered or trial had occurred. Should the defendant be acquitted, there would be no need to address the next series of inquiries about sentencing. Second, U.S.S.G. § 4B1.2 was amended by Congress after a provision identical to its residual clause was found unconstitutionally vague by the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). The amendment strikes "burglary of a dwelling,"

and will take effect on August 1, 2016. Trial is scheduled to begin on July 18, 2016. The Court will not be able to sentence Mr. Tennant prior to August 1, 2016. Thus, it is unlikely that any Order on this motion will ultimately have any guiding impact on the sentence, if any, to be meted out. Notwithstanding this practical reality, the matter satisfies all the prerequisites regarding justiciability; the matter is ripe, there is an actual controversy, and the question is not moot. Third, the Court is asked to make a determination before trial about the law as it stands today; a district court cannot issue forward-looking advisory opinions about the future.

## II.     DISCUSSION

The principal issue to be decided is whether Tennant's prior convictions for home invasion and attempted home invasion are "crimes of violence" under U.S.S.G. § 4B1.2(a). The Court construes Tennant as arguing that *Johnson* precludes the application of U.S.S.G. § 4B1.2(a)(2) because *Johnson* addressed identically worded language that was held void for vagueness. Tennant also argues that because the amended guidelines strike "burglary of a dwelling" as an enumerated offense, that the Home Invasion and Attempt Home Invasion convictions can no longer qualify as predicates under U.S.S.G. § 2K2.1(a)(2). Tennant offers no other authority to support these points.

In response, the government argues that the convictions still qualify as crimes of violence under the enumerated offenses listed in U.S.S.G. § 4B1.2(a)(2), and cites several Sixth Circuit Court of Appeals decisions on the issue. It requests the Court to continue applying the current guidelines "and when appropriate (and timely), the amended sentencing guidelines." The government does not contest Tennant's assertion

3

that neither conviction would constitute a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2) which uses the phrase "involves conduct that presents a serious potential risk of physical injury to another."

A review of the pertinent authority in the Sixth Circuit confirms that the law in effect today equates a Michigan offense of second degree home invasion with "burglary of a dwelling," thus making it a "crime of violence." In *United States v. Gibbs*, 626, F.3d 344 (6th Cir. 2010), the Sixth Circuit stated "a conviction for second-degree home invasion under Michigan law is the equivalent of the enumerated offense of burglary of a dwelling and therefore constitutes a 'crime of violence.'" *Id.* at 353. Similarly, in *United States v. Howard*, 327 F. App'x 573 (6th Cir. 2009), the Sixth Circuit stated: "The elements of Michigan's crime of second degree home invasion mirror the elements of a common law burglary of a dwelling. Accordingly, [the defendant's] supervised release violation for second degree home invasion was equivalent to a violation for burglary of a dwelling, a crime that falls squarely within the definition of a 'crime of violence' under § 4B1.2(a)(2) of the Sentencing Guidelines." *Id.* at 575. In *United States v. Hart*, 104 F. App'x 469 (6th Cir. 2004), the Sixth Circuit affirmed a district court's judgment stating that "second-degree home invasion plainly is a burglary" and thus, the defendant's "prior felony conviction for home invasion in the second degree constitutes a crime of violence under the sentencing guidelines." *Id.* at 470. None of those cases relied on the now unconstitutional residual clause. Accordingly, Tennant's convictions for second degree home invasion are to be deemed equivalent to "burglary of a dwelling" under U.S.S.G. § 4B1.2(a)(2), and are thus "crimes of violence" under U.S.S.G. § 2K2.1(a). These

offenses may be used to increase Tennant's base offense level under the Sentencing Guidelines.

It is worth stressing that notwithstanding the interpretation of the current language of the guidelines, the Court retains the discretion to depart from the guidelines for a variety of reasons. Several Circuit Courts of Appeals have upheld sentences imposed by district courts which granted a variance from the guidelines range as a way of recognizing the likely effect of a pending amendment to the guidelines. Recent sentences in this District include downward departures based on the pending status of the particular amendment to U.S.S.G. § 4B1.2.

The Court declines to issue an order which will apply only after the new sentencing guideline takes effect on August 1, 2016. Nevertheless, the hearing transcript contains sufficient indication about how the guidelines will be calculated after the amendments take effect and how the parties will argue the case. The government's Response requests the Court to "apply the current sentencing guidelines (and the Sixth Circuit precedent analyzing the guidelines) in Tennant's case; and when appropriate (and timely), the amended sentencing guidelines." Moreover, during the competency hearing, the government represented that the present dispute would no longer be an issue after August 1, 2016. These on-the-record statements lead the Court to believe that any future assertion that Tennant should face an enhancement under U.S.S.G. § 4B1.2 would be precluded by law of the case. More significantly, under the language scheduled to take effect, the amended guidelines will apply to any sentencing that occurs after August 1, 2016, meaning that the "crime of violence" enhancement will not

5

apply to any sentencing after August 1, 2016. Given Tennant's trial date of July 18, 2016, he most certainly will be sentenced after August 1, 2016.

Therefore, the relief sought in Tennant's Motion is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts<br>United States District Judge

Dated: June 10, 2016